UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
EILEEN DECHBERRY,

                        Plaintiff,          **MEMORANDUM AND ORDER**

    -against-

                                            14-CV-2130 (KAM)(SMG)

NEW YORK CITY FIRE DEPARTMENT,

                        Defendant.
----------------------------------------x

**MATSUMOTO, United States District Judge:**

        Plaintiff Eileen Dechberry ("plaintiff") commenced this action, *pro se*, on April 2, 2014, against defendant, the New York City Fire Department ("FDNY" or "Defendant") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the New York City Human Rights Law ("NYCHRL"). Plaintiff alleged employment discrimination on the basis of gender and disability, and that her employment was terminated without due process. Specifically, plaintiff alleged that she suffered discrimination, retaliation, and a hostile work environment due to her gender and disability. (ECF No. 1, Complaint ("Compl.") ¶¶ 4-7.)

        On August 14, 2015, this court dismissed with prejudice plaintiff's Title VII, ADA, and NYCHRL discrimination, retaliation, and hostile work environment claims that predated August 21, 2012, because they were time-barred or included in a

1

settlement agreement dated July 13, 2012 in plaintiff's prior federal lawsuit before Judge Jack B. Weinstein (*Dechberry v. City of New York et al.*, No. 11-CV-2767 (JBW)). (ECF No. 31, Memorandum and Order dated August 14, 2015 ("8/14/15 Order") at 65.) The remaining claims were dismissed without prejudice for failure to state a claim. (*Id.*) However, plaintiff was permitted an opportunity to amend her complaint within 14 days of the court's 8/14/15 Order with respect to her Title VII discrimination, ADA discrimination, retaliation, and hostile work environment claims that were not barred by her prior settlement or the statute of limitations. (*Id.* at 65-66.)

The court subsequently granted plaintiff two extensions of time to file an amended complaint. (*See* orders dated 8/25/14 and 10/2/15.) The latter order directed plaintiff to file her amended complaint by October 23, 2015. Each of the aforementioned orders clearly indicated that plaintiff's failure to file her amended complaint would result in the dismissal of her complaint. (*See* 8/14/15 Order as well as orders dated 8/25/15 and 10/2/15.) Plaintiff did not file her amended complaint by October 23, 2015, but instead filed two motions on October 22, 2015, seeking reconsideration of the court's 8/14/15 Order and to extend her time to file an amended complaint until after the court decided plaintiff's 10/22/15 motion for reconsideration. (ECF Nos. 37, 38.)

Pending before this court is plaintiff's motion for reconsideration based on purportedly new evidence concerning an unrelated disciplinary proceeding that resulted in the temporary disbarment of the attorney who represented plaintiff in her earlier lawsuit. (*See* ECF No. 38, Motion for Reconsideration ("Pl. Mot.").) Defendant has filed a responsive letter brief. (ECF No. 41, Response in Opposition to Motion for Reconsideration ("Def. Resp.").)

## **DISCUSSION**

*A. Legal Standard*

An order or other decision that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). The Second Circuit limits a district court's reconsideration of earlier decisions under Fed. R. Civ. P. 54(b) by treating those decisions "as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks and citation omitted).

The principal grounds for reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478).

Under Local Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Plaintiff offers no reason for her tardy motion, but the court will nonetheless consider the motion.

*B. Analysis*

Plaintiff argues that a disciplinary proceeding against her former attorney — which she claims came to her attention after this court issued its 8/14/15 Order dismissing her claims with leave to amend those claims for matters after August 21, 2012 if they are not barred by the statute of limitations or the settlement agreement — justifies reconsideration of the 8/14/15 Order. (Pl. Mot. at 1-5.) Plaintiff challenges only that portion of the 8/14/15 Order that dismissed some of her claims as barred by the prior settlement, reached while plaintiff was represented by her prior attorney in the action before Judge Weinstein. (*See* 8/14/15 Order at 14-15, 18-24.) Defendant argues that the settlement agreement

4

at issue has been repeatedly upheld by Judge Weinstein, in spite of plaintiff's allegations that her signature was forged and that her former counsel in that case was disciplined. (*See* Def. Resp. at 2.)

The disciplinary proceeding involving plaintiff's former counsel concerns Linda Cronin, who represented plaintiff in a variety of legal proceedings, including her earlier lawsuit before Judge Weinstein. (*See* 8/14/15 Order at 14-15; No. 11-cv-2767, ECF No. 34, Official Transcript, at 26-27.) On July 22, 2015, Cronin was suspended from the practice of law for one year. (Pl. Mot., Ex. C.) In the accompanying opinion issued by the New York Supreme Court's Appellate Division, Cronin was held responsible for concealing settlement proceeds (in an unrelated action) that her firm was holding on behalf of a client from the New York State Crime Victims Board, which had sought the funds on behalf of victims of the client's unrelated criminal activity. (*Id.*) Upon consideration of the New York Supreme Court's decision regarding the suspension of Cronin, the Grievance Committee of the Eastern District of New York suspended Cronin from the practice of law in the Eastern District on August 5, 2015. (Pl. Mot., Ex. D; E.D.N.Y. Local R. 1.5.)

As an initial matter, this evidence — both the July 22, 2015 Appellate Division suspension decision and the August 5, 2015 follow-on suspension in the Eastern District of New York — was

available to plaintiff before the court's August 14, 2015 decision issued. It is therefore not clear that it constitutes "new evidence" justifying reconsideration. *See Virgin Atl. Airways*, 956 F.2d at 1255. Giving the pro se plaintiff the benefit of the doubt, the court will consider the evidence new for purposes of deciding this motion for reconsideration.

Even assuming the evidence is new, the court concludes that the motion is without merit. First, as Defendant correctly points out (Def. Resp. at 2), Judge Weinstein has upheld the validity of the settlement on three occasions, over plaintiff's objections that Cronin forged her signature, and has even provided plaintiff with an in-person hearing during which she had an opportunity to cross-examine Cronin about the settlement. (*See* No. No. 11-cv-2767, ECF Nos. 31, 33, 40.) Indeed, this very motion for reconsideration was also directed to Judge Weinstein, who denied it on November 16, 2015. (No. 11-cv-2767, ECF No. 40.) This court is not inclined to second-guess Judge Weinstein's determination that the settlement was (and remains) binding.

Second, although the disciplinary determination against Cronin may speak generally about her character, there is no direct nexus between the charges sustained against Cronin in the disciplinary proceeding and plaintiff's allegations in this case. Cronin was primarily accused of concealing assets from crime victims in that proceeding. (*See* Pl. Mot., Ex. C, at 7.) There was

6

no indication that she had, for example, forged a client's signature or improperly reached a settlement without consulting a client. Neither is there any indication that the disciplinary proceedings in the Appellate Division or in the Eastern District of New York were in any way related to plaintiff's allegations against Cronin. (*See* Def. Resp. at 2; No. 11-cv-2767, ECF No. 39.)

## CONCLUSION

Plaintiff's motion for reconsideration is therefore DENIED. Although plaintiff sought leave for another extension to amend her complaint, after being warned by the court that failure to amend by a specified date would result in dismissal, she again sought an extension only under the assumption that this court would grant her motion for reconsideration and permit her to reassert claims the court already concluded were barred by the settlement. (*See* ECF No. 37, Letter Motion for An Extension of Time to File Amended Complaint ("If the Court reconsiders and allows me to assert [the claims barred by the settlement agreement], my Amended Complaint will need to include them.").) Plaintiff is granted one last opportunity to file an amended complaint **on or before January 4, 2016**, or her action will be dismissed in its entirety. Barring extraordinary circumstances, no extensions will be permitted.

Plaintiff's amended complaint, if any, must comply with the court's 8/14/15 Order. The Clerk of Court is respectfully directed to serve a copy of this order on plaintiff and note

service on the docket.

**SO ORDERED.**

                                        _____/s/_____
                                        **KIYO A. MATSUMOTO**
                                        United States District Judge

Dated: Brooklyn, New York
       December 22, 2015